UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY COOPER | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO.: _____ |
| | § | |
| | § | |
| PRIMEWAY FEDERAL | § | |
| CREDIT UNION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Dorothy Cooper, (*hereinafter referred to as "Ms. Cooper" and/or the "Plaintiff"*) Plaintiff, complains of PrimeWay Federal Credit Union (*hereinafter referred to as "PrimeWay" and/or the "Defendant"*), Defendant, and would show the Court the following:

### I.   PARTIES

Plaintiff, Dorothy Cooper, is an individual residing in Pearland, Brazoria County, Texas. Defendant, PrimeWay Federal credit Union is a domestic entity doing business in Houston, Harris County, Texas. The Defendant may be served with process by serving its President and Chief Executive Officer, Annette Zimmerman, whose physical address is 12811 Northwest Freeway, Houston, Texas 77040; or, mailing address, which is P.O. Box 53088, Houston, Texas 77052-3088.

### II.   VENUE

The events made the basis of this *Plaintiff's Original Complaint*, occurred in Houston, Harris County, Texas. Therefore, venue is proper in this District.

### III.   JURISDICTION

In filing her *Original Complaint*, Plaintiff alleges that the Defendant's conduct, as asserted herein, is in contravention to, and does violate Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), in discriminating against her based on her race and gender. The

Plaintiff also alleges that the Defendant has discriminated against her based on her age, in violation of the Age Discrimination in Employment Act ("ADEA").

## IV. PROCEDURAL BACKGROUND

Plaintiff, a sixty-two (62) year old African-American female, filed her *Charge of Discrimination* (*charge no. 460-2014-01479*) with the Equal Employment Opportunity Commission ("EEOC"), which is attached hereto as *Exhibit "A"*. Additionally, Plaintiff was forwarded a "Notice of Right to Sue" on or about August 8, 2014. She subsequently received it on or about August 11, 2014. A copy of her right to sue notice is also attached to this *Plaintiff's Original Complaint* as *Exhibit "B"*.

## V. FACTS

Ms. Cooper began her employment with the Defendant in May of 1975 as a "Loan Interviewer" at the Defendant's central location, which was 1407 Jefferson Street, at that time. She remained in that position until 1979, when she was promoted to the position of "Branch Manager" while at the 3303 Main Street office, which became the Defendant's new central location. Subsequently, in 1983, Ms. Cooper was promoted into the position of Vice President of Operations, still remaining at the Defendant's central location.

While in this capacity, Ms. Cooper had direct authority over the Defendant's daily on-site banking operations and five (5) other branch locations. She supervised and managed an average of 30 to 40 employees with her individual office being at the Defendant's central location. In 1991, the Plaintiff was then promoted to the position of Senior Vice President of Operations, where she remained for the next decade. In 2001, Ms. Cooper's role was expanded into the position of Senior Vice President of Member Services, still located at the Defendant's main facility. In the role of Senior Vice President of Member Services, Ms. Cooper was responsible for the member service center, operations support, records management, document imaging, and procurement.

In 2012, Ms. Cooper was placed into the post of Senior Vice President of Compliance and Security at the Defendant's offices at 12811 Northwest Freeway, the current central office. Although this new capacity included more duties and responsibilities, her annual compensation was not increased. In 2013, the Plaintiff was placed into the position of Senior Vice President of

Compliance, Security and Facilities. Again, although her day to day duties and responsibilities increased, her annual compensation again did not.

In June of 2010, the Defendant hired Annette Zimmerman as its President and Chief Executive Officer. At that same time, Ms. Cooper was working as Senior Vice President of Member Services. That position was alleged to have been eliminated, and as a result, the Plaintiff was placed into a senior management post in Security Compliance. Ms. Zimmerman's reorganization created an "Executive Management Team," from which the Plaintiff was intentionally omitted. Other senior management personnel, whom were similarly situated to Ms. Cooper, prior to Ms. Zimmerman's arrival, have been included on the "Executive Management Team." As a result of being left out of this new "structure," Ms. Cooper has not been allowed to receive certain additional financial benefits and privileges. Further, she has been denied the opportunity to participate in the "Deferred Compensation (457)(f) Plan."

As noted above, during her employment with the Defendant, Ms. Cooper rose through the capacity levels. Over the past four decades, the Plaintiff had been promoted with some level of consistency. However, when Ms. Zimmerman arrived, the Plaintiff's success was abruptly halted. Ms. Cooper has never been reprimanded for any form of misconduct or mismanagement. Additionally, she has consistently excelled in each of her many performance evaluations. It was not until the Defendant hired Ms. Zimmerman did the Plaintiff's career become stagnated.

## VI. TITLE VII

Ms. Cooper alleges that she has been subjected to different terms and conditions of employment, that she has been treated in a disparate and discriminatory manner; and, that she has been denied employment, promotional, and financial growth opportunities, because of her race, African-American, and her gender. The Plaintiff alleges that such conduct by the Defendant is in violation of the Anti-discrimination provisions of Title VII (42 U.S.C. 2000*e* et seq. as amended ("Title VII"). Therefore, jurisdiction is invoked pursuant to the same statute.

## VII. AGE DISCRIMINATION IN EMPLOYMENT ACT

As stated above, the Plaintiff is sixty-two (62) years of age, and as such, is within the class of persons sought to be protected. PrimeWay has made decisions concerning Ms. Cooper's

employment that have adversely affected her. At all times relevant to this litigation, the Plaintiff has been qualified for the jobs and positions that she sought. Specifically, she was, and is, qualified to be a part of the "Executive Management Team". The Plaintiff would argue that her age was the reason for this adverse and disparate treatment that caused her damages

## VIII.  DAMAGES

As a result of the Defendant's conduct, as cumulatively alleged above, Plaintiff seeks equitable relief, including back pay, front pay, and any available injunctive relief. She also requests compensatory damages, including, but not limited to future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Also, due to the willful nature and degree of the Defendant's discriminatory conduct, the Plaintiff also seeks liquidated and punitive damages. Additionally, she is also requesting an award for her costs of this suit as well as attorney's fees.

## IX.  JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried in this matter.

## PRAYER

Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, this Honorable Court award to her judgment for liquidated and unliquidated damages, interest at the highest legal rate, those damages listed above in the above Paragraphs; as well as, such other and further relief, whether general or specific, legal or equitable, that she may be justly entitled.

[Signature block on following page]

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

*(signature)*

David K. Mestemaker
Federal License Number: 14410
Texas State Bar No.: 13974600
3100 Timmons Ln., Suite 455
Houston, Texas 77027
Telephone: (713) 626-8900
Facsimile: (713) 626-8910

**ATTORNEY FOR PLAINTIFF,
DOROTHY COOPER**